UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAMEON BYRD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 1:17-CV-182-HSM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Federal inmate Dameon Byrd has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that there is no necessity for an evidentiary hearing[1], and Byrd's § 2255 motion will be denied.

**I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

In March 2014, Byrd pleaded guilty to conspiring to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(D), and possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1) [Doc. 42 in 1:13-CR-50]. Byrd had a prior Tennessee conviction for aggravated burglary, which was classified as a "crime of violence" and subjected Byrd to an enhanced offense level of 20 under United States Sentencing Guideline ("Guideline(s)") § 2K2.1 [Doc. 32 ¶¶ 22, 48 in 1:13-CR-50]. After a four-level enhancement because the firearm

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

had an obliterated serial number, a four-level enhancement because Byrd possessed the firearm in connection with his drug distribution offense, and a three-level reduction for acceptance of responsibility, Byrd's total offense level was 25 [*Id*. at ¶¶ 23-24, 32-34]. Byrd's 18 criminal history points yielded a criminal history category of VI and a Guideline range of 110 to 137 months' imprisonment [*Id*. at ¶¶ 53, 74]. The Court sentenced Byrd to 130 months' imprisonment [Doc. 42 in 1:13-CR-50].

Byrd did not appeal his conviction or sentence. In 2016, Byrd filed a § 2255 motion that he later sought to voluntarily dismiss [Docs. 46, 53 in 1:13-CR-50]. The Court dismissed that action without prejudice [Doc. 54 in 1:13-CR-50].

Thereafter, in June 2017, Byrd filed the instant § 2255 motion alleging that his Tennessee aggravated burglary conviction is not a "crime of violence" after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Docs. 1 & 2], and thus, he should not have been subject to the § 2K2.1 enhancement. The United States was ordered to respond to Byrd's allegations, and it did so by filing its response on March 11, 2019, arguing that the motion is untimely and otherwise without merit [Doc. 7].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire

proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Timeliness

A one-year limitation period applies to § 2255 motions, and it runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitation period typically becomes "final" for purposes of § 2255 "at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Byrd's judgment became "final" on April 14, 2014 the expiration of time to appeal (March 31, 2014 plus 14 days). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-28 (6th Cir. 2004) (holding where no appeal is filed, judgment becomes final upon expiration of time to appeal); *see also* Fed. R. App. P. 4(b) (allowing party 14 days to file appeal in criminal case). Therefore, Byrd had until April 14, 2015, to file a timely § 2255 motion. Because Byrd did not file the instant motion until June 2017, his motion is untimely under § 2255(f)(1).

However, by contesting his §2K2.1 enhancement under *Mathis*, Byrd seeks to invoke the later running date of § 2255(f)(3). While Byrd's motion was filed within one year after the Supreme Court handed down its decision in *Mathis*, that decision did not involve a "newly recognized right," but rather, a question of statutory interpretation. *Mathis*, 136 S. Ct. at 2251

3

(citing "longstanding principles" and noting "cases involving the modified categorical approach [had] already made exactly [the same] point"); *id.* at 2557 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of the [Armed Career Criminal Act] involves, and involves only, comparing elements."); *see also Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018) (noting *Mathis* "involved an old rule of statutory law, not a new rule of constitutional law"). Therefore, because the Supreme Court did not newly recognize a right in *Mathis*, much less declare it retroactively applicable on collateral review, Byrd's motion is likewise untimely under § 2255(f)(3).

The Court notes that the § 2255 limitations period may be tolled under extraordinary circumstances. *See, e.g.*, *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling typically only applies "when a litigant's failure to meet a legally-mandated deadline unavoidably rose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). It is the petitioner's burden to prove equitable tolling's application to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy his burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Byrd has not established any extraordinary circumstances that would warrant equitable tolling in this case. Accordingly, his motion is untimely.

**B.    Merits**

The untimeliness of Byrd's motion aside, the Court additionally finds that his claim fails on its merits. As a preliminary matter, the Court notes that Byrd's Guideline-based claim is not cognizable under § 2255, as a mistake in application of the advisory Guidelines does not affect the

sentence's lawfulness. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018); *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) ("A challenge to the sentencing court's guidelines calculation. . . only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence []he received."). Moreover, the Supreme Court has held that aggravated burglary under Tennessee law[2] is not broader than generic burglary. *United States v. Stitt*, 139 S. Ct. 399, 406-07 (2018). Accordingly, Byrd's conviction for aggravated burglary was properly considered a crime of violence for purposes of the § 2K2.1 enhancement, and *Mathis* offers Byrd no relief.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Byrd must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

---

[2] Aggravated burglary is burglary of a habitation. *See* Tenn. Code Ann. § 39-14-403(a).

## V. CONCLUSION

For the reasons stated herein, Byrd has failed to establish any basis upon which § 2255 relief could be granted, and his motion [Doc. 1] will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

                                               */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE